30

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT

for the

District of __Michigan__

Eastern

)
)
Damon L. Rucker )
)
_____ )
Petitioner )
)      Case:2:25-cv-10255
v. )      Judge: Berg, Terrence G.
)      MJ: Altman, Kimberly G.
)      Filed: 01-28-2025 At 11:47 AM
)      HC DAMON L. RUCKER V ERIC RARDIN (L
)      G)
Eric Rardin, Warden )
_____ )
Respondent
(name of warden or authorized person having custody of petitioner)

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name:    Damon LaMount Rucker

    (b) Other names you have used:    N/A

2.  Place of confinement:

    (a) Name of institution:   Federal Correctional Institution, Milan

    (b) Address:   P.O. Box 1000

    Milan, Michigan 48160

    (c) Your identification number:   44137-424

3.  Are you currently being held on orders by:

    ☒ Federal authorities      ☐ State authorities      ☐ Other - explain:

4.  Are you currently:

    ☐ A pretrial detainee (waiting for trial on criminal charges)

    ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a) Name and location of court that sentenced you:    United States District Court

    for the Northern District of Illinois,Western Division,Rockford,Illinois

    (b) Docket number of criminal case:    3:11-CR-50005

    (c) Date of sentencing:   July 30, 2013

    ☐ Being held on an immigration charge

    ☐ Other (explain):

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*: _____

_____

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: __Federal Bureau of Prisons, Central Office__

(b) Docket number, case number, or opinion number: __Remedy No. 1207132-A1__

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

__I am challenging the calculation methodology of Federal Time Credits (FTCs)__
__and the implementation of Program Statement 5410.01.__

(d) Date of the decision or action: __November 14,2024__

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes          ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: __Eric Rardin, Warden, FCI Milan (FBOP)__

(2) Date of filing: __July 23,2024__

(3) Docket number, case number, or opinion number: __1207132-F1__

(4) Result: __Denied__

(5) Date of result: __August 23,2024__

(6) Issues raised: __Federal Time Credits (FTCs) earned and projected to be__
__earned have not been applied properly to my Earliest Prerelease Placement__
__Date pursuant to Program Statement 5410.01.__

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(b) If you answered "No," explain why you did not appeal:

8.  **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

   (1) Name of the authority, agency, or court: Andre Matevousian, Regional Director North Central Regional Office (FBOP)

   (2) Date of filing: September 5,2024

   (3) Docket number, case number, or opinion number: 1207132-R1

   (4) Result: Denied

   (5) Date of result: October 1,2024

   (6) Issues raised: Federal Time Credits earned and projected to be earned must be considered over the entire sentence and applied accordingly. The BOP is failing to implement their own policy.

(b) If you answered "No," explain why you did not file a second appeal:

9.  **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes          ☐ No

(a) If "Yes," provide:

   (1) Name of the authority, agency, or court: Office of the General Counsel (FBOP)

   (2) Date of filing: October 21,2024

   (3) Docket number, case number, or opinion number: 1207132-A1

   (4) Result: Denied

   (5) Date of result: November 14,2024

   (6) Issues raised: The FTC amount is not being correctly calculated according to the First Step Act (FSA) and BOP policy. The BOP is failing to act accordingly on their policies for implementation of the FSA.

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

_____

(b) If you answered "No," explain why you did not file a third appeal:  _____

_____

10.   **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes          ☒ No

If "Yes," answer the following:

(a)   Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court:  _____

(2) Case number:  _____

(3) Date of filing:  _____

(4) Result:  _____

(5) Date of result:  _____

(6) Issues raised:  _____

_____

_____

_____

_____

(b)   Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☐ No

If "Yes," provide:

(1) Name of court:  _____

(2) Case number:  _____

(3) Date of filing:  _____

(4) Result:  _____

(5) Date of result:  _____

(6) Issues raised:  _____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(c)   Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11.   **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes                 ☒ No

If "Yes," provide:

(a)   Date you were taken into immigration custody: _____

(b)   Date of the removal or reinstatement order: _____

(c)   Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                 ☐ No

If "Yes," provide:

(1)   Date of filing: _____

(2)   Case number: _____

(3)   Result: _____

(4)   Date of result: _____

(5)   Issues raised: _____

_____

_____

_____

_____

(d)   Did you appeal the decision to the United States Court of Appeals?

☐ Yes                 ☐ No

If "Yes," provide:

(1)   Name of court: _____

(2)   Date of filing: _____

(3)   Case number: _____

(4)   Result: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

_____

_____

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

_____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

_____

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:**  By failing to account for Time Credits earned during time spent programming while in prerelease custody, I am unable to achieve the maximum time credit award through the First Step Act.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

facts: Program Statement 5410.01, the First Step Act and other BOP authorized

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

materials clearly contemplate the idea of earning Time Credits while in prerelease custody. The BOP is calculating the FSA Conditional Placement Date incorrectly.

(b) Did you present Ground One in all appeals that were available to you?

☒ Yes ☐ No

**GROUND TWO:** By failing to consider projected-to-be earned credits as earned, the BOP is creating a scenario in which certain individuals do not stand to benefit from earning FTCs under the FSA. They have created a portion of Time Credits that have no value.

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

"Time Earned" is not synonymous with "time spent in a Correctional Institution." The maximum calculation of FTCs earned is based on "time spent in earning status" and that timeframe "assumes that an inmate will remain in earning status throughout his or her sentence, including prerelease custody." Earning status does not stop once an individual is transferred to prerelease custody.

(b) Did you present Ground Two in all appeals that were available to you?

☒ Yes ☐ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.):*

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes ☐ No

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** _____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes          ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:  N/A _____

_____

_____

_____

**Request for Relief**

15. State exactly what you want the court to do:  Order the BOP to bring forth the accurate and correct Projected Release Dates and FSA Conditional Placement Dates detailed in Program Statement 5410.01. Order the BOP to apply all credits earned over an individual's sentence, including while in prerelease custody.

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_1/22/25_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  _1/22/25_

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| Damon Rucker, | ) | |
|   Petitioner. | ) | |
| vs. | ) | Case No. |
| Eric Rardin, Warden, | ) | |
| Federal Bureau of Prisons | ) | |
|       Respondent. | ) | |

---

Memorandum of Law and Fact in support for

Writ of Habeas Corpus under 28 U.S.C. § 2241

---

Now comes, Damon Rucker, Petitioner, pro se,  and respectfully moves this
Court to grant his Writ of Habeas Corpus under 28 U.S.C. §2241. Petitioner moves
the Court to issue the Writ directing Respondent to recalculate and apply
Federal Time Credits (FTCs) accurately and correctly in accordance with the
First Step Act (FSA) and Bureau of Prisons (BOP) policy. A Writ is the appropriate
remedy for this matter.

### INTRODUCTION

The First Step Act (FSA) was signed into law on December 21,2018 as one of
the most sweeping criminal justice reform bills in history. The bill intended
to give incarcerated individuals incentive to prepare for successful reintro-
duction to society through participation in recommended Evidence Based Recidivism
Reduction programs (EBRRs), by rewarding successful completion with early transfer
to supervised release and/or increased time in Residential Reentry Centers and/or
Home Confinement (RRC/HC). The new law established a limit of 365 FTCs able to
be applied to sentence reduction and stated that there is no limit to the number

of FTCs that can be earned and applied towards RRC/HC (18 U.S.C.§3624(g)(10)) as long as the time earned equaled the time remaining on an inmate's sentence.

Petitioner was sentenced on July 30,2013 to a term of 310 months for an eligible criminal statute under 18 U.S.C. §(d)(4)(D). Petitioner qualifies for and has earned the allowable 365 FTCs towards early transfer to supervised release, has maintained a qualifying PATTERN score of "low" per 18 US.C.§3624(g)(1)(B), and remained in earning status for FTCs throughout his term of incarceration by maintaining clear conduct and participating in EBRRs.

Petitioner asserts that by using the methodology outlined in Program Statement 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C.§3632(d)(4), dated November 18,2022 (P.S.5410.01), he will earn 2790 FTCs over the course of his sentence. That number, coupled with the potential Second Chance Act (SCA) recommendation of 365 days equates to an earliest possible prerelease placement date of December 9,2025. This date is drastically different from the June 26,2028 date provided by the BOP, which results in this instant matter before the Court. Petitioner exhausted his administrative remedies (Exhibits A - C) and now files his Writ of Habeas Corpus.

As remedy, Petitioner asks this Court for a determination that the BOP did not accurately and correctly calculate the amount of FTCs Petitioner will earn over his entire sentence, to include those earned while in prerelease custody that should be applied in accordance with the policies and procedures put in place by the BOP and the legislative intent of FSA.

## I. BOP is failing to follow FSA and Policy

The current calculation method employed by BOP to determine Petitioner's FTC total incorrectly introduces a point in time in which the Petitioner stops earning FTCs. This calculation arbitrarily deprives the Petitioner the benefit of earning credits during a period of time he is still in BOP custody and remains in earning status. This calculation undermines the intent of Congress in passing FSA as well as procedures detailed by BOP in their own program statement.

FTC accumulation is aggregated over an entire sentence. Time credits earned in prerelease custody have value for all inmates - not just those who have yet to earn the 365 FTC limit toward early transfer to supervised release. Consistent with P.S.5410.01 and repeated public statements made by members of Congress, FTCs are earned while assuming an inmate remains in earning status and must be applied accordingly. There is no provision allowing BOP to arbitrarily determine that wide swaths of earned FTCs are rendered useless. Yet, using BOP's current calculation methodology, Petitioner will earn hundreds of FTCs that he will be unable to apply, depriving him of the maximum benefit of FTCs that fit the plain language of FSA and BOP's stated policies and procedures.

By definition, under 18 U.S.C.§3635(a)(4), "A prisoner is a person who has been sentenced to a term  of imprisonment pursuant to a conviction for a federal criminal offense, or a person in the custody of the Bureau of Prisons." (Emphasis added). It is well-established that inmates in prerelease custody are still serving their sentences thus continuing to earn FTCs until transferred to supervised release. Section 10 of P.S.5410.01 reads in part, "the Bureau will initially estimate an FSA Conditional Projected Release Date (PRD) by calculating the maximum number of potential (FTCs) that an inmate may earn

3

during his or her sentence." It continues, "the Bureau will calculate an inmate's PRD by assuming that an inmate will remain in earning status throughout his or her sentence, <u>including while in prerelease custody</u>." (Id at pp.16-17)(Emphasis added).

This position was corroborated by the April 2023 Annual Report issued by the United States Attorney General. That report "included several significant changes to the calculation procedures that the BOP had employed on a transitional basis." (United States DOJ, Office of the Attorney General, FSA Annual Report,p.18). Among these changes included was this clarification: "Second, the policy (P.S.5410.01) clarified that time credit will be able to be earned in community placement (i.e. home confinement or RRC). Individuals will be able to <u>continue earning</u> credit as long as they successfully comply with all the rules and procedures of prerelease custody." (Id at p.18)(Emphasis added). Further, in the Admission and Orientation Addendum published by BOP and distributed to all inmates, the answer provided to the sample question, "Do I <u>earn</u> FTCs while in a Halfway House and/or Home Confinement?"(Emphasis added) states: "Yes, as long as you continue to successfully program." (Exhibit D p.1)

## II. Calculation of FTCs

In the Petitioner's BP-9 filing (Exhibit A), the proper calculation methodology was followed, based on P.S.5410.01, yielding 2790 FTCs to be earned over the time spent in earning status. The first 365 FTCs were applied to the maximum amount of time allowed for early transfer to supervised release. The remaining 2425 FTCs were applied to prerelease custody placement. Adhering to the plain language of FSA as well as guidance repeatedly provided by the BOP, Petitioner's calculation of the proper amount of FTCs to be applied was correct and should be approved by the BOP and this Court.

The Attorney General's Annual Report of 2023 supports the Petitioner's position. The report states: "Finally, the policy specifies that the BOP will calculate and award time credits for the full incarceration term." (Emphasis added). "Earned time credits are now calculated at the initial stages of the individual's sentence, with a presumption the earned time credits are then adjusted if the individual does not earn credits through non-participation or for other reasons during their time in custody." (Id at p.18). None of these other reasons for not earning credits would be because of being transferred to prerelease custody. Time in custody does not stop when this transfer occurs.

At no point of the FSA or any Program Statement or other interpretation of policy gives BOP the authority to determine certain FTCs, which in all ways defined by statute and policy are properly    contemplated as "earned" by Petitioner, cannot be applied to prerelease custody. P.S.5410.01 makes clear that an inmate's PRD is calculated while "assuming that an inmate will remain in earning status throughout his or her sentence, including while in prerelease custody." (Emphasis added). Petitioner is in earning status and, according to BOP policy, will remain in earning status - the only criteria needed to earn FTCs - after his transfer to prerelease custody.

## Calculation Methodology

Calculating the maximum number of FTCs that the Petitioner may earn during his sentence is straightforward. The calculation is based solely on time spent in earning status, which does not end until the sentence is over. For the Petitioner, that calculation follows rules set forth by FSA and BOP.

- Multiple BOP publications explain that the calculation of FTCs is based only on the total number of programming days spent in earning status over the entire sentence, including time spent in prerelease custody. (Id at p.17).

5

- The calculation period extends to the Good Conduct Time (GCT) date as the first 365 FTCs earned are applied towards early transfer to supervised release. The early release date is a "satisfaction date" and the FTCs applied to it do not change the statutory release date. (Exhibit D p.1).

- Time spent in earning status is calculated over both periods of earning 10 FTCs and 15 FTCs per each 30-day cycle. Carry over days are included in the appropriate cycle range.

- The start date for calculating FTCs is 12/21/18 for inmates incarcerated prior to FSA'a passage. For all others, FTCs begin to accrue after the arrival date at their designated facility.

For Petitioner, this calculation is:

Statutory Release Date: 7/30/34

| Start: | Stop: | Pgm Days: | Carry Over Pgm Days: | Time Credits: |
|---|---|---|---|---|
| 12/21/2018 | 7/17/2019 | 208 | 0 | 60 |
| 7/17/2019 | 7/30/2034 | 5492 | 3 | 2730 |
| | | | Total to be Earned: | 2790 FTCs |

7/30/2034 - 365 FTCs = 7/30/2033 FSA Conditional Release Date
7/30/2033 - 2425 FTCs = 12/9/2026 Date of Max Earned FTCs
12/9/2026 - 365 days under Second Chance Act = 12/9/2025 Submission Date for Transfer to Prerelease Custody.

These calculations align perfectly with P.S.5410.01, an FSA Time Credit Assessment Sheet and the FSA. Every piece of literature published by DOJ and the BOP supports this methodology of calculating FTCs, maximizing the benefits of FSA for eligible inmates. All of the FTCs would be "earned" in the end – even though awarded beforehand – by Petitioner remaining in earning status through compliance with rules and procedures of RRC/HC placement. As noted in the AG Annual Report of 2023, the intention is to calculate and award FTCs at the initial stages of the individual's sentence to ensure that all FTCs earned will have applicability.

Yet, current practice contradicts this calculation methodology. The BOP is calculating FTCs to a point and then determining that the remaining FTCs earned

have no value. All language indicates an application similar to the method in
which GCT time is calculated. Both scenarios require time credits to be earned,
both types of time credits can be taken away for inmate infractions, and both
applications deliver the full benefit to inmates who remain in compliance.

### III. BOP negates FTCs earned while in custody

The FSA required the Attorney General to "determine when to provide incentives
and rewards for successful participation in evidence-based recidivism reduction
programs or productive activities in accordance with subsection (e)," (18 U.S.C.
§3632 (a)(6)), further stating that "Time Credits earned under this paragraph
by prisoners who successfully participate in recidivism reduction programs or
productive activities and who have been determined to be at a minimum risk or
low risk of recidivating pursuant to their last two reassessments shall be
applied toward time in prerelease custody." (Id. at§3632(d)(4)(C))(Emphasis added).

In October of 2024, the BOP brought forth a revamped attempt to calculate
Petitioner's request, but fell woefully short. A new "FSA Conditional Placement
Date" was introduced and for the Petitioner this date is June 26,2028. The BOP
projects that Petitioner will earn 1495 FTCs over the course of his sentence.
There are multiple deficiencies with this calculation attempt by the BOP.
First, the BOP is calculating this number based on a stopping point of the
FSA Projected Release Date - and not the Good Conduct Time Release Date.
Second, if the Petitioner receives zero Second Chance Act recommended days
towards prerelease custody, he will be released to prerelease custody with
1495 days left on his sentence. For those 1495 days in custody, the Petitioner
will be expected to remain in FTC earning status by complying with the rules
and regulations of the RRC/HC, or risk being returned to his Correctional
Institution setting. During this time spent in earning status, in prerelease
custody, the Petitioner will earn approximately 735 FTCs that will be unable
to be applied in any manner beneficial to him.

This calculation attempt by the BOP assumes that the only Time Credits able to be applied by any eligible inmate will be those earned while in an institutional setting. This notion defies all intentions of Congress in passing the First Step Act. Senator John Cornyn, chief sponsor of the Senate version of the FSA, supported this idea publicly, stating, "There is no reason to believe that a program offered in an RRC will reduce recidivism any less than one offered to an individual in prison. In fact, such programs may be more effective, as individuals are close to release from custody and can begin putting lessons learned into practice as they transition home." (Federal Register Vol.87 No.12 Wednesday, January 19,2022 p.2712)(Emphasis added). Yet, the BOP is repeatedly being allowed to disallow Time Credits earned in prerelease custody.

Since November 18,2022, BOP has promised inmates they will be provided with an FSA Conditional Release Date. P.S.5410.01 states, "The Bureau will initially estimate an FSA Conditional Release Date by calculating the maximum number of FTCs that an inmate may earn during his or her sentence," further stating, "The Bureau will calculate an inmate's PRD by assuming that an inmate will remain in earning status throughout his or her sentence, including while in prerelease custody." As of the date of this filing, the BOP has yet to provide or calculate these dates accurately, according to the above language.

Calculating this date makes sense. It gives inmates an incentive to continue to participate in EBRR programs and avoid disciplinary action by informing them of their earliest possible release to RRC/HC. Petitioner's attempt to resolve this matter through the Administrative Remedy process proved futile, and elicited this response from the BOP: "Be advised that the BOP is working to implement a program whereby inmates may see all potential FTC they may earn over the course of their sentence; however, this program has not yet been enacted." (Exhibit C p.2). This response dated November 14,2024 reveals two

major issues at hand. First, the severe lack of communication between the BOP Central Office and those in charge of implementing the FSA. As stated earlier, in October of 2024 the BOP rolled out their application towards a Conditional Placement Date. But as of November 14,2024, this program "has yet to be enacted." Second, the BOP is left unchecked to continually alter their interpretation of how to carry out the FSA after over 6 years since being signed into Law. Without Judicial intervention, nothing will stop them from changing their calculation and application methods again in the future.

Applying time credits in the manner the BOP has chosen to adopt makes no sense. Why calculate this total number of potentially earned credits, only to then explain to inmates that a portion of those credits mean nothing and cannot be applied in the manner that was promised? Arbitrarily determining that certain FTCs have no value and cannot be applied to the inmate's benefit ignores the previous guidance given by the BOP, and the resulting practice of dangling large numbers of earned FTCs in front of prisoners, only to tell them they cannot be applied, defies logic. It is also contrary to Law.

The United States Supreme Court looked to the commentary published by the Federal agency when resolving confusion about the application of sentencing guidelines. "Commentary that explains a guideline is authoritative, unless the commentary violates the federal constitution or is inconsistent with or a plainly erroneous reading (of the statute)," Stinson v. United States (508 U.S. 36 (1993)). Along the same lines, when the BOP promulgated P.S.5410.01, it provided "the most accurate indication" of how they had interpreted the language. (Id). P.S.5410.01 make it clear that the BOP recognizes the proper interpretation of the FSA to count FTCs from the time spent in prerelease custody as "earned" and apply them accordingly, assuming the inmate will remain in earning status. There is no other way to interpret its language.

CONCLUSION

Selective application of FTCs conflicts with Congressional intent. The BOP recognized the FSA's "goal of attaining maximum recidivism reduction. The Bureau will continue to emphasize the need for full and successful participation in EBRR programs and PAs, as recommended for each inmate, to achieve the maximum award of FSA Time Credits to the maximum number of eligible inmates." (Federal Register/Vol.87,No.12/Wednesday,January 19,2022). Unfortunately, BOP's current method of calculating and applying FTCs accomplishes the opposite.

The BOP's disagreement with Petitioner's FTC calculation yields a result that is inconsistent with statutory language, Congressional intent, and the commentary issued by the BOP regarding how FTCs would be calculated and applied. Ramirez v. Phillips (LEXIS 228778,2023) held that a court in that District has subject matter jurisdiction over disputes regarding BOP computation of credits, determining that "Success on his claim would neccessarily lead to speedier release and thus the Petitioner's claim falls within 'the core of habeas corpus.'" Petitioner respectfully asks this Court to adopt the same approach. Congress passed the FSA and it was enacted into law in 2018. Over six years later, inmates are still waiting for the BOP to comply with FSA's intentions.

Wherefore, Petitioner respectfully requests that this honorable Court grant this petition for a Writ of Habeas Corpus and order the BOP to calculate and apply the correct number of FTCs to his prerelease custody period in accordance with the FSA and BOP policy.

Respectfully submitted,

Damon L. Rucker
#44137-424
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160-1000

10

## CERTIFICATE OF SERVICE

I hereby certify that I filed this Petition for Writ of Habeas Corpus in the United States District Court for the Eastern District of Michigan on January22,2025 via the United States Postal Service. I request a written receipt as well as a file stamped copy be returned to the Petitioner.

Damon L. Rucker
#44137-424
Federal Correctional Institution
P.O. Box 1000
Milan,MI 48160-1000

U.S. DEPARTMENT OF JUSTICE                                    **REQUEST FOR ADMINISTRATIVE REMEDY**
Federal Bureau of Prisons          Exhibit A p. 1 of 3

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Rucker, Damon L. | 44137-424 | A | FCI - Milan |
|---|---|---|---|---|
| | **LAST NAME, FIRST, MIDDLE INITIAL** | **REG. NO.** | **UNIT** | **INSTITUTION** |

**Part A- INMATE REQUEST**

    As an Adult in Custody (AIC) eligible to earn and apply First Step Act Time Credits (FTCs), I am requesting a manual calculation of my FSA conditional Projected Release Date (PRD) and Earliest Prerelease Placement Date consistent with the language and methodology used in Program Statement 5410.01 and the First Step Act Law. The November 18,2022 Program Statement reads: "The Bureau will initially estimate an FSA conditional Projected Release Date by calculating the maximum number of FT/Cs that an AIC may earn during his or her sentence." Furthermore: "The Bureau will calculate an AIC's PRD by assuming that they remain in earning status throughout his or her sentence,including while in Prerelease Custody."

    Using the calculation method from PS5410.01 and that which is used on an FSA Time Credit Assessment Sheet:

    Statutory Release Date: 7/30/34

| Start: | Stop: | Pgm Days: | Carry Over Pgm Days: | Time Credits: |
|---|---|---|---|---|
| 12/21/2018 | 7/17/2019 | 208 | 0 | 60 |
| 7/17/2019 | 7/30/2034 | 5492 | 3 | 2730 |

                                          Total to be Earned:2790 FTCs

7-23-24      (continued on attachment...)

| 7-23-24 | |
|---|---|
| **DATE** | **SIGNATURE OF REQUESTER** |

**Part B- RESPONSE**

RECEIVED
JUL 2 9 2024
BY:

*See attached response*

| | |
|---|---|
| **DATE** | **WARDEN OR REGIONAL DIRECTOR** |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE              CASE NUMBER: 1207132-F1

                                   CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____

| | | | |
|---|---|---|---|
| **LAST NAME, FIRST, MIDDLE INITIAL** | **REG. NO.** | **UNIT** | **INSTITUTION** |

SUBJECT: _____

| | |
|---|---|
| **DATE** | **RECIPIENT'S SIGNATURE (STAFF MEMBER)** |

BP-229(13)
APRIL 1982

REQUEST FOR ADMINISTRATIVE REMEDY attachment - Damon L. Rucker - Reg.No. 44137-424

Calculation continued...

7/30/2034 - 365 FTCs = 7/30/2033 FSA conditional Release Date
7/30/2033 - 2425 FTCs = 12/9/2026 Date of Max Earned FTCs
12/9/2026 - 365 days under Second Chance Act = 12/9/2025 Submission Date for Transfer to
Prerelease Custody.


    The BOP is admittedly in the midst of rolling out a new calculator to assess future
FSA Earned Time Credits. This calculation makes sense and is absolutely necessary to
comply with the Law. Case management staff cannot accurately submit RRC/HC referrals
without this calculation. As an AIC with a LOW PATTERN risk level, I am entitled to see
the maximum number of FTCs that I can earn over my entire sentence, including while in
Prerelease Custody (PS5410.01). This number is not 365 FTCs towards release or 610 FTCs
towards PreRelease Custody. Neither one of those totals represent the maximum value.
Withholding this date prevents AICs from being placed in necessary Evidence Based Recidivism
Reduction programs (EBRRs) as well as being able to plan for their release.

    Holding Congressional intent and BOP Policy to be lawful and true, I request a manual
calculation of my FSA conditional PRD/Earliest Prerelease Placement Date at this time.

**BP-229 RESPONSE**                     **CASE NUMBER: 1207132-F1**

Your Request for Administrative Remedy (BP-229), dated July 23, 2024, has been reviewed.   You are requesting a manual calculation of your Federal Time Credits (FTC's).

A review of the issue(s) you raise in your BP-229 has been conducted.   You are requesting a manual calculation of your projected RRC/HC placement date pursuant to the language in Program Statement 5410.01.   First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) states "The Bureau will calculate an inmate's Projected Release Date (PRD) by assuming that an inmate will remain in earning status throughout his or her sentence, including while in prerelease custody. If an inmate on prerelease custody has already earned the **maximum 365 days of credit toward supervised release**, the PRD will be adjusted only if the inmate loses earned FTCs consistent with Section 9. If an inmate is returned to prison for a violation during prerelease custody or any other reason, their projected FTCs may be adjusted depending on any failure to remain in earning status". The First Step Act also states RRC and/or HC referrals will ordinarily be submitted to the respective Residential Reentry Management (RRM) office 12 months in advance of the inmate's PRD or at least 60 days prior to the projected RRC/HC placement date, whichever is greater. The RRC and/or HC recommendation will include the total number of days recommended based on the Five Factor Review (see 18 U.S.C. § 3621(b)), required under the Second Chance Act, plus the remaining number of FTC days not applied to supervised release at the time of the referral. When determining the FTC days available to be applied toward RRC/HC placement, the Bureau will assume that the inmate will remain in earning status from the referral date until the transfer to prerelease custody. There is no expectation the RRC/HC placement date will be modified once the referral has been submitted to the RRM office."

You have earned the maximum number of Federal Time Credit (365) which can be applied towards early realse and 610 Federal Time Credits which can ba applied towards Home Confinement or Residential Reentry Center placement.   Your Unit Team will continue to monitor your progress and will submit a referral on your behalf when it becomes appropriate to do so.

Accordingly, your request for Administrative Remedy is denied.   In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.


_____                     __8/23/2024__
E. Rardin, Warden                           Date

Exhibit B p. 1 of 3

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

8/27/2...

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

| From: | Rucker, Damon L. | 44137-424 | A | FCI - Milan |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

Part A - REASON FOR APPEAL. I am appealing the Warden's denial of my BP-9 regarding the calculation of my earned and projected-to-be-earned FSA Time Credit (FTC) amount over the entire duration of my sentence. I contest that the Warden's denial does not address my concern of when I will be transferred to prerelease custody using a combination of earned and projected FTC's. The Warden's response fails for the reasons to follow.

The Warden cites my language from the Program Statement verbatim in regards to how the BOP should be calculating the maximum number of FTCs that I can earn. However, it appears that his argument is centered around the phrase,"If an inmate on prerelease custody has already earned the maximum 365 days of credit toward supervised release." I am not in prerelease custody - I am requesting the determination of when I will be correctly transferred to prerelease utilizing all of the FTCs I will earn in addition to the Second Chance Act (SCA) recommendation.

Furthermore, if the BOP is only calculating how many credits can be earned towards sentence reduction, it reveals the agency's extremely shortsighted vision of implementing the First Step Act. Everyone knows that the maximum value of sentence reduction is 365 days, yet no one can be told what a "projected RRC/HC placement date" is, despite being advertised in two different versions of the Admission & Orientation Handbook from 2023 & 2024 (Exhibits A & B). Limiting the

---

_____      (continued on attachment...)_____

DATE                                                                SIGNATURE OF REQUESTER

**Part B - RESPONSE**

---

_____                    _____

DATE                                                                REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _____

---

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

_____                    _____

DATE                                                  SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN                                                                                    BP-230(13)
                                                                                              JUNE 2002

PRINTED ON RECYCLED PAPER

ADMINISTRATIVE REMEDY (attachment) Damon L. Rucker   Reg.No. 44137-424

continued...

PRD calculation to 365 days of sentence reduction completely misses the mark - it is the least important calculation needed.

Lastly, the Warden's response contains plenty of language that does not reflect the current practice of BOP staff and Unit Team. Relying on them to "monitor my progress and submit a referral on my behalf when it becomes appropriate to do so" falls short of the requirements made by the Attorney General and Program Statement 5410.01. The time credit calculation total should be done at the initial stages of an inmate's sentence and clearly communicated, to allow for the necessary planning for reentry.

For the reasons above, the Warden's response fails on merit. Please refer to my BP-9 (attached here by reference and enclosed herein) for details of my specific case. As REMEDY, I request a manual calculation of my earliest Prerelease Placement Date and the proper application of the FTCs earned and projected-to-be-earned towards this date.

**04U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

Administrative Remedy Number: 1207102-R1

This is in response to your Regional Administrative Remedy Appeal received September 11, 2024, in which you request a review for Residential Reentry Center (RRC) or Home Confinement (HC) placement pursuant to 18 U.S.C. § 3621(b) in conjunction with earned and projected Federal Time Credits (FTCs).

We have reviewed your appeal and the Warden's response dated August 23, 2024. The First Step Act allows eligible inmates to earn additional time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities. Program Statement 5410.01, First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) states, "The Bureau will make an initial projection based on the inmate's PATTERN risk level." The Bureau of Prisons is currently developing the technical resources to project FTCs. As of this date, the resources are unavailable to make projections. You currently have a projected release date of July 30, 2033, via First Step Act Release. The Program Statement specifies that "RRC and/or HC referrals will ordinarily be submitted to the respective Residential Reentry Management (RRM) office 12 months in advance of the inmate's PRD or at least 60 days prior to the projected RRC/HC placement date, whichever is greater. The RRC and/or HC recommendation will include the total number of days recommended based on the Five Factor Review (see 18 U.S.C. § 3621(b)), required under the Second Chance Act, plus the remaining number of FTC days not applied to supervised release at the time of the referral." Therefore, based on the above you do not qualify for pre-release placement at this time.

Your case will be evaluated to determine if you warrant RRC placement or HC utilizing the five criteria under the eligibility provisions of the Act. Additionally, any FTCs which can be applied to RRC or HC will be accounted for. You are encouraged to work closely with your unit team and provide any information relevant for the Second Chance Act review.

Based on the above information, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

10/1/2024
_____
Date

_____
Andre Matevousian, Regional Director

Exhibit C p. 1 of 2

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | Rucker, Damon L. | 44137-424 | A | FCI - Milan |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**   I am appealing the Regional Directors denial of my BP-10 regarding the calculation of my earned and projected-to-be-earned FSA Time Credit (FSA) amount over the entire duration of my sentence. I contest that the Regional Director's denial does not address my concern of when I will be transferred to prerelease custody using a combination of earned and projected FTCs. The Regional Director's response fails for the reasons to follow.

The Regional Director cites language pertinent to the Second Chance Act but the remedy I seek deals strictly with the First Step Act Time Credits (FTC's). I am requesting the determination of when I will be correctly transferred to prerelease custody utilizing ALL of the FTCs I will earn in addition to the Second Chance Act (SCA) recommendation. I do not request transfer to prerelease custody, only the correct calculation of FTCs that accurately reflects the First Step Act and Program Statement 5410.01.

For the reasons above, the Regional Director's response fails on merit. Please refer to my BP-9 (attached here by reference and enclosed herein) for details of my specific case. As REMEDY, I request a manual calculation of my earliest Prerelease Placement Date and the proper application of the earned and projected-to-be-earned towards this date.

| 10/21/24 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B—RESPONSE**

RECEIVED
OCT 31 2024
Administrative Remedies
Federal Bureau of Prisons

| | |
|---|---|
| DATE | GENERAL COUNSEL |

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 120713a-A1

**Part C—RECEIPT**

CASE NUMBER: _____

| Return to: | | | | |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

| | |
|---|---|
| DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL |

BP-231(13)
APRIL 1982

Exhibit C p. 2 of 2

**Administrative Remedy No. 1207132-A1**
**Part B – Response**

This is in response to your Central Office Administrative Remedy
Appeal, wherein you request information regarding your Federal
Time Credit (FTC) calculation under the First Step Act (FSA).
Specifically, you contend your FSA assessment does not currently
calculate all potential FTCs you will earn over the course of
your sentence which may be applied to pre-release custody.  For
relief, you request to be provided with a calculation of all
potential FTCs which may be applied to pre-release custody.

We have reviewed documentation relevant to your appeal and,
based on the information gathered, concur with the manner in
which the Warden and Regional Director responded to your
concerns at the time of your Request for Administrative Remedy
and subsequent appeal.  Our review revealed that your time
credits are being applied pursuant to Program Statement 5410.01
CN-2, First Step Act of 2018 – Time Credits: Procedures for
Implementation of 18 U.S.C. § 3632(d)(4).  Refer to your most
recent FSA Time Credit Assessment for the most up-to-date
information regarding the accrual and application of your
FTCs.  You are encouraged to consult with your Unit Team if you
need further explanation.

Although your FSA Time Credit Assessment reflects a First Step
Act Conditional Release Date of July 30, 2033, you should be
aware this calculation only reflects FTCs that may be applied to
early release; it does not include FTCs earned towards pre-
release custody.  Be advised that the BOP is working to
implement a program whereby inmates may see all potential FTC
they may earn over the course of their sentence; however, this
program has not yet been enacted.  Documentation shows your time
credits have been applied according to policy.  Accordingly, we
find no further relief is warranted.

Considering the foregoing, this response is for informational
purposes only.

November 14, 2024
Date

T. Barnett
Timothy Barnett, Administrator
National Inmate Appeals

How will you demonstrate this to the Warden? By maintaining clear conduct and by participating in the EBRRs and PAs recommended to address your specific Needs. Will maintaining clear conduct and participating in programming automatically mean you will be approved? No. Each case is reviewed individually considering both your history and your time in prison. But, if you haven't maintained clear conduct for an extended period time and/or haven't completed programming, you shouldn't be surprised if your petition is denied.

### How do I petition the Warden to apply my Time Credits if I am High or Medium Risk?

Submit an Inmate Request to Staff Member (copout) to your unit team during your regularly schedule Program Review team meeting. The unit team will review your record and make a recommendation to the Warden. The Warden, after reviewing your record and consulting with the Regional Director, will either approve or deny your petition. You will receive a written response from the Warden to your request. During all aspects of this program, you may file an Administrative Remedy if you choose.

### Are FTCs applied to my percentage of time served?

No. FTCs applied toward your release date do NOT impact your percentage of time served because FTCs do not change your Statutory Release Date – they only change your Satisfaction Date.

### What is an FSA Conditional Release Date?

For eligible inmates who are Low or Minimum Risk, this is a presumed earliest release date you could earn with Federal Time Credits. This calculation makes the presumption that once you are Low or Minimum risk AND in earning status, you will continue to remain in earning status. As a reminder, the FSA Conditional Date, is **NOT** your release date as the credit is only applied as it is earned. Changes in your status (e.g., FRP Refuse, program declines, Disciplinary Segregation, etc.) will result in changes in your conditional date. **The FSA Conditional Release Date is for planning purposes only.**

Additionally, a second application will project the maximum number of FTCs which can be earned during your term of incarceration. This will assist in determining the earliest eligible pre-release placement date. This means your Unit Team will be able to monitor your projected number of FTCs and submit your RRC referral timely. Remember this is still just a planning tool, if your status changes, the possible maximum number of FTC days will change as well.

### Do I earn FTCs while in Halfway and/or Home Confinement?

Yes. As long as you continue to successfully program. Remember incident reports can result in a change in your PATTERN Risk Level. If this happens while in Halfway House and/or Home Confinement, it can also impact both your earning status and your ability to apply FTCs toward your release. If your PATTERN Risk Level increases to Medium or High Risk for any reason, you will no longer be eligible to apply your FTCs, and may be removed from pre-release placement and returned to the institution.

### How does FTCs work with Pre-Release Placement?

Your halfway house and/or home confinement recommendation will include the total number of days recommended under the Second Chance Act, plus the remaining number of FTC days not applied to Supervised Release at the time of the referral. 

DUCKER, DAMON 44137424

Damon Ricker 44137-424
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

Office of The Clerk
United States District Court
For The Eastern District of Michigan
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd Rm 564
Detroit, MI 48226

MILANPLEX MI 480 ZIP
THU 23 JAN 2025

Retail

RDC 99

48226

U.S. POSTAGE PAID
FCM LG ENV
MILAN, MI 48160
JAN 23, 2025
$0.00
S2324P505183-46