6/3/25

F I L E D

JUN 09 2025

CLERK'S OFFICE
DETROIT

Damon L. Rucker 49137-424
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160

Case No. 25-10255

Judge Terrence G. Berg ; Magistrate Judge Kimberly G. Altman,

I'm writing in regards to Case No. 25-10255. I have enclosed the original mail that was giving to me yesterday. As I said in the last letter, I do not know when my rebuttle is due. Also as you'll see in the original mail given to me, the mailroom makes copies of all mail using color. In looking at the original mail envelope the date it was sent through the post office is not shown for some reason. The mailroom here at FCI Milan shrunk it down to fit on a regular piece of paper so I don't understand why date not shown unless it was so deliberately.

Your honor I'm not conspiracy maker so I can't say the delay in me receiving this mail has anything to do with that date on the envelope not being visible. I can say that the B.O.P do/does any and everything to keep adults in custody as long as they can or until a judge force their hands. Then they do the exact something to another person until another judge force their hands. They never just accept things and change them for all A.I.C.

In my rebuttle to the government I'll be enclosing a memo that shows them not only calculating the FSA (FTC) wrong but also not implementing it right or timely so the president has sent an order to the new B.O.P director to enforce the order on the B.O.P. I will be waiting on my due date as I put my motion together

—back—

Damon L. Rucker
No. 44137-424
FCI MILAN
P.O. BOX 1000
MILAN, MI 48160

United States District Court
Eastern District of Michigan

Damon Rucker,

      Petitioner,           Case No. 25-cv-10255

      -vs-

                                Honorable Terrence G. Berg

Eric Rardin, Warden,

      Respondent.
_____/

## Response to Petition for Writ of Habeas Corpus

The Court should deny Damon Rucker's petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Bureau of Prisons has correctly calculated his Conditional Placement Date under the First Step Act.

                                  Respectfully submitted,

                                  Jerome F. Gorgon, Jr.
                                  United States Attorney

                                s/ Jessica V. Currie
                                Jessica V. Currie
                                Assistant United States Attorney
                                211 West Fort Street, Suite 2001
                                Detroit, MI 48226
                                (313) 226-9531
                                jessica.currie@usdoj.gov

Dated: May 9, 2025

United States District Court
Eastern District of Michigan

Damon Rucker,

        Petitioner,                 Case No. 25-cv-10255

        -vs-
                              Honorable Terrence G. Berg

Eric Rardin, Warden,

        Respondent.

_____/

# Brief in Support of Response to
# Petition for Writ of Habeas Corpus

## Issue

    Should Rucker's petition for a writ of habeas corpus under
28 U.S.C. § 2241 be denied because the Bureau of Prisons correctly
calculated his Conditional Placement Date under the First Step Act?

## Background

    Rucker is serving a 310-month sentence for attempted possession
with intent to distribute cocaine under 21 U.S.C. § 846 and witness
retaliation under 18 U.S.C. § 1513(b)(1). He is currently housed at FCI
Milan, and his full term expires on May 24, 2038. (Ex. 1, Burnett Decl.,
¶¶ 4, 11).

2

The First Step Act created a new type of time credits for prisoners, separate and apart from good time credits. Eligible inmates who successfully complete "evidence-based recidivism reduction programs" and other "productive activities" can earn First Step Act time credits (FTCs) toward early transfer to supervised release or prerelease custody. 18 U.S.C. § 3632(a), (d)(4); (Ex. 1, Burnett Decl., ¶ 5).

As of April 2, 2025, Rucker had earned a total of 1,095 FTCs. Applying 365 of those FTCs toward early transfer to supervised release (the statutory maximum), and accounting for earned and projected good time credits, Rucker's "Projected Release Date" is July 30, 2033. (Ex. 1, Burnett Decl., ¶¶ 7, 11).

Under the Second Chance Act, the Bureau of Prisons has the discretion to refer an inmate for prerelease custody up to a year before his release date. The potential for this is reflected in Rucker's "SCA Conditional Placement Date" of July 30, 2032. (*Id.*, Att. 3, FSA Time Credit Assessment).

As of April 2, 2025, Rucker had a remaining balance of 730 FTCs that may be applied toward early transfer to prerelease custody. For planning purposes, in addition to accounting for already-earned FTCs,

the Bureau of Prisons' projection method accounts for FTCs that an inmate could earn in the future and have applied toward early transfer to prerelease custody in a best-case scenario. That's how Rucker's "FSA Conditional Placement Date" of June 26, 2029, was determined. (*Id.*, ¶¶ 9–11 & Att. 3, FSA Time Credit Assessment).

Rucker claims that the Bureau of Prisons has incorrectly calculated his FSA Conditional Placement Date. After exhausting his administrative remedies, Rucker petitioned for a writ of habeas corpus under 28 U.S.C. § 2241. He claims that the projection methodology should account for future FTCs that he could earn after placement in prerelease custody. (Petition, ECF No. 1, PageID.1–9). As a remedy, he seeks a judicial determination to this effect, which would yield a projected placement date of December 9, 2025. (*Id.*, PageID.11). He does not claim entitlement to immediate transfer to prerelease custody.

## Argument

### The Bureau of Prisons correctly calculated Rucker's Conditional Placement Date under the First Step Act.

A federal inmate may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the manner in which his sentence is being executed, including issues relating to time credits. *Capaldi v. Pontesso,*

4

135 F.3d 1122, 1123 (6th Cir. 1998); *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The time credit issue here involves the First Step Act, which directed the Attorney General to establish an incentive system for inmates to participate in evidence-based recidivism-reduction programs and productive activities to earn FTCs toward early transfer to supervised release or prerelease custody. *See* 18 U.S.C. §§ 3632(a), (d)(4); (Ex. 1, Burnett Decl., ¶ 5). An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional 5 FTCs during that period if (1) his recidivism-risk rating is minimum or low and (2) his risk of recidivism has not increased for two consecutive PATTERN assessments. 18 U.S.C. § 3632(d)(4)(A)(ii); 28 C.F.R. § 523.42(c)(2).

FTCs are "auto-calculated based on 30-day increments in earning status." (Ex. 1, Burnett Decl., ¶ 6 (quoting BOP Program Statement 54010.01, CN)). Inmates may lose FTCs for violating program requirements or as a sanction for a prohibited act. 28 C.F.R. § 523.43(a). And inmates who refuse programming, or have programming

interrupted for certain reasons, are not "successfully participating" and will not earn FTCs during those periods. (Ex. 1, Burnett Decl., ¶ 6). Indeed, Rucker has not always been in earning status, and his earning rate has varied between 10 days and 15 days. (*Id.*, Att. 3). Because of possibilities like this, "credits are only earned by actual completion or participation in anti-recidivism programming, not the speculative participation in future programming." (*Id.*, ¶ 6).

A maximum of 365 earned FTCs may be applied toward an inmate's early transfer to supervised release. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Any remaining earned FTCs may be applied toward early transfer to prerelease custody. 28 C.F.R. § 523.44(c); (Ex. 1, Burnett Decl., ¶ 7). But before any earned FTCs are applied, an inmate must have (1) earned FTCs in an amount equal to his remaining term of imprisonment, (2) shown through periodic risk assessments a demonstrated reduction in recidivism risk or maintained a low or minimum risk during his incarceration, and (3) had the remainder of his term computed under applicable law. 18 U.S.C. § 3624(g)(1); 28 C.F.R. §§ 523.44(b)-(d); (Ex. Burnett Decl., ¶ 8).

6

For planning purposes only, the Bureau of Prisons projects an
inmate's future earning potential, and the method for doing so assumes
a best-case scenario. But the projections are "subject to change" and
"will be adjusted if the inmate's PATTERN score changes or if the
inmate enters non-earning status." BOP Program Statement 54010.01.
The conditional dates on a credit worksheet do not indicate that the
inmate has already earned future potential FTCs or that he or she has
satisfied the requirements to have them applied. (Ex. 1, Burnett Decl.,
¶ 9). By statute, only "earned" FTCs "shall be applied," and only if all
criteria are satisfied at the appropriate time. 18 U.S.C. § 3632(d)(4)(C);
18 U.S.C. § 3624(g)(1).

Rucker argues that his FSA Conditional Placement Date should
account for future FTCs that he may earn *after* his placement in
prelease custody, should he participate in anti-recidivism programming
while at a residential reentry center. But that argument assumes,
incorrectly, that FTCs can be applied (pre-placement) before they are
earned (post-placement). The statute specifically forbids that from
happening—only credits already "earned" can be "applied." 18 U.S.C.
§ 3632(d)(4)(C). Excluding the impossible does not render a projection

7

method flawed. Rucker's Conditional Placement Date was properly calculated based on a best-case scenario that accounts for all FTCs that he could possibly earn *and* have applied toward early transfer to prerelease custody.

Rucker points to Program Statement 5410.01, which says that an inmate's Projected Release Date is calculated "assuming that an inmate will remain in earning status throughout his or her sentence, including while in prerelease custody." But that policy does not carry the force that Rucker suggests, and another judge in this district recently rejected the very same argument. *Cox v. Rardin*, No. 24-cv-10676, 2025 WL 495342 (E.D. Mich. Feb. 13, 2025) (McMillion, J.).

First, as observed in *Cox*, the policy states that the projection is "conditional" and "subject to change" because an inmate will not necessarily remain in earning status. *Id.* at *2. The projection "is not a set, immutable date of release because it does not discharge an inmate's obligations to both actually earn the FTCs that the [Projected Release Date] is based upon and satisfy other statutory requirements for FTC application," as the statue demands. *Id.* (citing 18 U.S.C. § 3624(g)(1)).

8

Case 2:25-cv-10255-TGB-KGA ECF No. 12, PageID.149 Filed 06/09/25 Page 11 of 31

As further explained in *Cox*, an inmate is not entitled to habeas relief based on policy violation alone, because noncompliance with policy does not establish a violation of federal law. *Id.* at *3 (collecting cases). Policies such as Program Statement 5410.01 "are merely internal interpretive rules and do not create enforceable rights or obligations." *Id.* (cleaned up); *see also Young v. Eischen*, 23-cv-3227, 2024 WL 418702, at *3 (D. Minn. Jan. 3, 2024), *report and recommendation adopted*, 23-cv-3227, 2024 WL 416445 (D. Minn. Feb. 5, 2024).

At the heart of Rucker's complaint is that Program Statement 5410.01 creates a scenario where an inmate can earn FTCs while in prerelease custody but never benefit from them. (Petition, ECF No. 1, PageID.6). But as explained in *Cox*, that scenario is still "supported by statute," and merely showing that a policy may be "unwise and unimplementable" does not mean that the Bureau of Prisons failed to follow it. *Cox*, 2025 WL 495342, at *5. Moreover, because "the statute makes clear that only earned FTCs can be applied," and earned FTCs will only be applied if certain other statutory requirements are met, Rucker has not shown that any error in calculating his projected FTCs violates the First Step Act. *Id.* at *5–6.

9

Even if Rucker could show that the Bureau of Prisons' projection methodology is contrary to statute, he alleges "an earliest possible prerelease placement date of December 9, 2025," which is more than six months from now. (Petition, ECF No. 1, PageID.11). He does not yet claim entitlement to immediate transfer to prerelease custody. Thus, in addition to the other flaws in his petition, his request for habeas relief is premature. *See Cox*, 2025 WL 495342, at *6; *Henny v. Segal*, 23-cv-448, 2024 WL 4980951, at *6 (D. Minn. Oct. 28, 2024), *report and recommendation adopted*, 23-cv-448, 2024 WL 4979659 (D. Minn. Dec. 4, 2024) (petition "premature" where inmate "is not yet entitled . . . to the application of her credits").

### Conclusion

The petition for a writ of habeas corpus should be denied.

Respectfully submitted,

Jerome F. Gorgon Jr.
United States Attorney

/s/ Jessica Currie
Jessica Currie
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9531
jessica.currie@usdoj.gov

Dated: May 9, 2025

## Certificate of Service

I certify that on May 9, 2025, I electronically filed the Response to Petition for Writ of Habeas Corpus and Brief in Support with the Clerk of the Court using the ECF system and that an employee of the U.S. Attorney's office mailed a copy via the United States Postal Service to the following non-ECF participant:

> Damon Rucker, Reg. #44137-424
> Milan FCI
> P.O. Box 1000
> Milan, MI 48160

> /s/ Jessica Currie
> Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DAMON RUCKER,

Petitioner,

v.                                                    CASE NO: 2:25-cv-10255

ERIC RARDIN,

Respondent.

## DECLARATION OF M. BURNETT

In accordance with 28 U.S.C. § 1746, I, M. Burnett, make the following declaration, under penalty of perjury.

1.    I am presently employed with the United States Department of Justice, Federal Bureau of Prisons (BOP) as the Case Management Coordinator (CMC) at the Federal Correctional Institution in Milan, Michigan (FCI Milan). I began working for the BOP in October of 2001. As the CMC, I fall under the umbrella of unit management. My responsibilities include ensuring that BOP case management and unit management policies, including policies concerning the First Step Act, are properly implemented at FCI Milan.

2.    The following statements are based upon my review of BOP's official files and records, my own personal knowledge, or on information acquired by me through the performance of my official duties. All records attached to this declaration are true and accurate copies of BOP records maintained in the ordinary course of business.

3.    I have reviewed the complaint filed by Petitioner, in which he alleges his prerelease placement date should be calculated based on both earned and projected First Step Act earned time credits (FTCs), and the relevant BOP records.

1

4.      Petitioner inmate Damon Rucker, Register number 44137-424, is an inmate currently
        incarcerated at FCI Milan since March 30, 2023.  The United States District Court of the
        Northern District of Illinois sentenced Petitioner to a 310-month aggregated term of
        imprisonment followed by 8 years of supervised release for violations of 21 U.S.C. §846
        Attempted Possession with Intent to Distribute Cocaine; and 18 U.S.C. §1513(b)(1)
        Witness Retaliation.[1]

5.      The First Step Act (FSA), P.L. 115-391, enacted into law on December 21, 2018,
        addresses reentry of the incarcerated by directing the BOP to take specific actions
        regarding programming and programming incentives and compassionate release, among
        other issues.  To encourage inmates to participate, Congress also created a system of time
        credits and other incentives.[2]  Eligible inmates, as in those whose convictions do not
        preclude them from receiving FSA benefits[3], may earn FSA time credits (FTCs).

6.      FTCs are earned through "ongoing participation in programs designed to reduce the risk
        of recidivating," and are "auto-calculated based on 30-day increments in earning status."[4]
        An inmate may lose earned FTCs for violating the requirements of an EBRR program, or
        as a sanction imposed by a Disciplinary Hearing Officer for the commission of a
        prohibited act.  Additionally, inmates who refuse programming, or have programming
        interrupted by placement in restrictive housing, outside medical trips, or other means, are
        not "successfully participating" during those periods of interruption and will not earn

---

[1] *See Attachment 1, Sentence Monitoring Computation Data.*
[2] *18 U.S.C. § 3632(d)(1)-(4), BOP Program Statement 54010.01, and 28 C.F.R. §§ 523.40-44.*
[3] *18 U.S.C. § 3632(d)(4)(D) enumerates the convictions which render an inmate ineligible for FSA programming incentives. Inmates subject to a final order of deportation are similarly rendered ineligible for FSA programming incentives. 18 U.S.C. § 3632(d)(4)(E).*
[4] *BOP Program Statement 54010.01, CN-2 at 11.*

credits for those dates.[5]  Therefore, credits are only earned by actual completion or participation in anti-recidivism programming, not the speculative participation in future programming.

7.    Regarding the use of FTCs, a maximum of 365 days of credits may be applied towards an inmate's early transfer to supervised release – functionally shortening their sentence by up to one year.[6]  Eligible inmates may have any remaining credits applied towards early transfer to prerelease custody, either in a Residential Reentry Center (RRC or halfway house), or home confinement.[7]

8.    However, *earning* FTCs is not synonymous with *applying* FTCs.  To be considered for the application of FTCs, an eligible inmate must 1) have earned FTCs in an amount equal to the remainder of the inmate's term of imprisonment, 2) shown through periodic risk assessments, a demonstrated reduction in recidivism risk or maintained a low/minimum risk during his incarceration, and 3) had the remainder of his term computed under applicable law.[8]  Only upon meeting the requirements of 18 U.S.C. § 3624(g)(1) and § 523.44(b)-(d), will an inmate's earned FTCs be applied toward his sentence computation.

9.    While FTCs cannot be applied until they are actually earned, projected FTCs are considered and taken into account for pre-release planning purposes.  For instance, the Bureau "will initially estimate an FSA conditional Projected Release Date (PRD) by calculating the maximum number of potential FTC that an inmate will earn during his or her sentence."[9]  However, this "FSA PRD is subject to change during the inmate's

---

[5] *BOP Program Statement 54010.01 at 11-12; 28 C.F.R. § 523.43(a).*
[6] *See 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d).*
[7] *See 28 C.F.R. § 523.44(c).*
[8] *See 18 U.S.C. § 3624(g)(1); 28 C.F.R. § 523.44(b)-(d).*
[9] *BOP Program Statement 54010.01 at 16.*

incarceration, and will be adjusted if the inmate's PATTERN score changes or if the inmate enters non-earning status."[10]  Additionally, referrals for prerelease custody will be made either 12 months before an inmate's projected release date, or 60 days prior to the inmate's projected RRC placement date, whichever is greater.[11]  In doing so, the Bureau "will assume that the inmate will remain in earning status from the referral date until the transfer to prerelease custody."[12]  But again, "FTC[s] will not be applied towards an inmate's release date unless earned."[13]  Bureau policy is consistent with the FSA, which states "[t]ime credits *earned* under this paragraph. . . shall be applied toward time in prerelease custody or supervised release.[14]  The conditional PRD and RRC referrals do not indicate the inmate has already earned those FTCs or has satisfied the statutory requirements for immediate application.

10.     The FSA Time Credit Assessment now includes a Conditional Pre-release Planning and Preparation section, that serves as a planning tool, to be used to help prepare inmates for placement in the community.  These PRD and Conditional PRD dates "are not guaranteed and are subject to change based on behavior, program participation, eligibility, appropriateness, and community resources."[15]

11.     Petitioner's FTCs have been applied pursuant to policy.  As of April 2, 2025. Petitioner has earned 365 days of FTC toward early release and 730 days that have been applied towards his community placement eligibility.[16]  His full term expires on May 24, 2038; however,

---

[10] *Id.*
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *See 18 U.S.C. § 3632(d)(4)(C).*
[15] *See Attachment 2, FSA Planning Dates Memo, dated October 4, 2024, page 2.*
[16] *See Attachment 3, FSA Time Credit Assessment*

4

applying Petitioner's earned and projected Good Conduct Time (GCT) credits, as well as the 365 days of earned FTCs towards early release, results in a projected release date of July 30, 2033, via FSA Release.[17]

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this __8___ day of May 2025.

M. Burnett
Case Management Coordinator
FCI Milan

---

[17] *See Attachment 1.*

5

Attachment 1

```
LBU: 540*23 *                    SENTENCE MONITORING                   03-20-2025
E 001          *                COMPUTATION DATA            *          13:44:25
                                  AS OF 03-20-2025
```

REGNO..: 44137-424 NAME: RUCKER, DAMON


```
FBI NO...........: 399085EB7          DATE OF BIRTH: 01-09-1977  AGE:  48
ARS1.............: MIL/A-DES
UNIT.............: 7 GP                QUARTERS.....: A04-113L
DETAINERS........: NO                  NOTIFICATIONS: NO
```

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 01-30-2033

FINAL STATUTORY RELEASE FOR INMATE.: 07-30-2034 VIA GCT REL
        WITH APPLIED FSA CREDITS.: 365  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 07-30-2033 VIA FSA REL


---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: ILLINOIS, NORTHERN DISTRICT
DOCKET NUMBER...................: 11 CR 50052-5
JUDGE...........................: KAPALA
DATE SENTENCED/PROBATION IMPOSED: 12-12-2012
DATE COMMITTED..................: 09-03-2013
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00          $00.00         $00.00       $00.00
```

RESTITUTION...:  PROPERTY: NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  391    21:846 SEC 841-851 ATTEMPT
OFF/CHG: 21:846 ATTEMPTED POSSESSION WITH INTENT TO DISTRIBUTE
        COCAINE CNT.2

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   87 MONTHS
 TERM OF SUPERVISION............:    5 YEARS
 NEW SENTENCE IMPOSED...........:   70 MONTHS
 BASIS FOR CHANGE...............: USSG DRG QNTTY DCSN 11-01-2014
 DATE OF OFFENSE................: 10-08-2011
```



G0002      MORE PAGES TO FOLLOW . . .

```
LBU  540*23  *           SENTENCE MONITORING            *  03-20-2025
E 002         *            COMPUTATION DATA              *    13:44:25
                          AS OF 03-20-2025
```

REGNO..: 44137-424 NAME: RUCKER, DAMON


```
---------------------CURRENT JUDGMENT/WARRANT NO: 020 -----------------------
```

```
COURT OF JURISDICTION..........: ILLINOIS, NORTHERN DISTRICT
DOCKET NUMBER..................: 13 CR 50005-1
JUDGE..........................: KAPALA
DATE SENTENCED/PROBATION IMPOSED: 07-30-2013
DATE COMMITTED.................: 09-03-2013
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
```

```
                FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.:  $100.00        $00.00         $00.00       $00.00
```

```
RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00
```

```
------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  867     18:1513 OBSTRUCTING JUSTICE
OFF/CHG: 18:1513(B)(1) WITNESS RETALIATION CNT.1
```

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   240 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 RELATIONSHIP OF THIS OBLIGATION
  TO OTHERS FOR THE OFFENDER....: CS 010/010
 DATE OF OFFENSE................: 12-20-2012
```

```
------------------------CURRENT COMPUTATION NO: 010 -------------------------
```

COMPUTATION 010 WAS LAST UPDATED ON 01-08-2020 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 09-11-2015 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010, 020 010

```
G0002       MORE PAGES TO FOLLOW . . .
```

```
LBU  540*23 *                    SENTENCE MONITORING              03-20-2025
GE 003 OF 003 *                   COMPUTATION DATA           *       13:44:25
                                  AS OF 03-20-2025
```

REGNO..: 44137-424 NAME: RUCKER, DAMON


```
DATE COMPUTATION BEGAN..........: 12-12-2012
AGGREGATED SENTENCE PROCEDURE...: AGGREGATE GROUP 800 PLRA
TOTAL TERM IN EFFECT............:   310 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    25 YEARS      10 MONTHS
AGGREGATED TERM OF SUPERVISION..:     8 YEARS
EARLIEST DATE OF OFFENSE........: 10-08-2011

JAIL CREDIT.....................:    FROM DATE     THRU DATE
                                    11-28-2011    12-05-2011
                                    08-02-2012    12-11-2012

TOTAL PRIOR CREDIT TIME.........: 140
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 1394
TOTAL GCT EARNED................: 648
STATUTORY RELEASE DATE PROJECTED: 07-30-2034
ELDERLY OFFENDER TWO THIRDS DATE: 10-14-2029
EXPIRATION FULL TERM DATE.......: 05-24-2038
TIME SERVED.....................:    12 YEARS       7 MONTHS      24 DAYS
PERCENTAGE OF FULL TERM SERVED..: 48.9
PERCENT OF STATUTORY TERM SERVED: 57.4

PROJECTED SATISFACTION DATE.....: 07-30-2033
PROJECTED SATISFACTION METHOD...: FSA REL
     WITH FSA CREDITS INCLUDED...: 365

REMARKS.......: 8-27-13 UPDATE COMP/RCVD 240 ADD MTHS CS TO 010/010 R/KJ
                9-3-15 RECEIVED ORDER REDUCING TERM FOR 010,010 TO 70M
                PURSUANT TO THE DGA EFF 11-1-14 R/JSC
                1-8-20 GCT UPDATED PURSUANT TO FSA R/JMD.
```

G0000      TRANSACTION SUCCESSFULLY COMPLETED

Case 2:25-cv-10255-TGB-KGA ECF No. 8-1, PageID.121 Filed 05/09/25 Page 23 of 31

Attachment 2

**U.S. Department of Justice**
**Federal Bureau of Prisons**

_Washington, D.C. 20534_

October 4, 2024

**MEMORANDUM FOR CORRECTIONAL PROGRAMS REGIONAL**
**ADMINISTRATORS AND**
**RESIDENTIAL REENTRY MANAGERS**

MELISSA HARRIS
ARNOLD
Digitally signed by MELISSA HARRIS ARNOLD
Date: 2024.10.04 07:27:40 -04'00'

**FROM:** **MELISSA ARNOLD, ADMINISTRATOR**
**CORRECTIONAL PROGRAMS BRANCH**

BIANCA
SHOULDERS
Digitally signed by BIANCA SHOULDERS
Date: 2024.10.04

**BIANCA SHOULDERS, ACTING ADMINISTRATOR**
**RESIDENTIAL REENTRY MANAGEMENT BRANCH**

**SUBJECT:** **First Step Act (FSA) Planning Dates**

This memorandum is to provide guidance regarding FSA Federal Time Credits (FTCs) and efforts to improve communication for both employees and Adults in Custody (AICs) on how these FTC projections should be used in planning towards release to the community.

For those eligible individuals who can apply FTCs, projected target dates are now provided on the FSA Time Credit Assessment (commonly referred to as the "FTC Worksheet") in the eICF application to assure employees and AICs can better plan for programming placement (such as Residential Drug Abuse Program [RDAP]) and referrals for pre-release custody (i.e., Residential Reentry Centers (RRCs), Work-Release Centers (WRCs) or home confinement). These target dates include the amount of potential Second Chance Act (SCA) time (if eligible and appropriate), projected FTCs earned by FSA eligible individuals which could be applied towards pre-release custody and the amount that can be applied towards supervised release (i.e., the FSA Conditional Release Date).

If an AIC was teamed since the generation of the September 2024 worksheet, Unit Team should provide these individuals with an updated copy. All other AICs will be provided a worksheet at regularly scheduled teams.

The FTC Worksheet now includes three (3) projected conditional placement dates, which should be reviewed by Unit Teams when planning pre-release placement dates:

1. **FSA Conditional Placement Date:** This date reflects the maximum amount of FSA Federal Time Credits an FSA eligible individual can earn towards pre-release confinement (RRC/WRC or home confinement) given their current PATTERN risk level. If this date is 'N/A' then the AIC will not earn any FTCs towards pre-release placement and the SCA conditional placement date should be used for planning.

2. **SCA Conditional Placement Date:** This date reflects the conditional SCA placement date using the number of proposed SCA days added by the Unit Team in the Insight program. (Note: Information on entering proposed SCA placement days in the Insight program will be forthcoming). If no proposed SCA days have been added, then this value will default to 365 days. Unit team must ensure individual assessments are conducted using the five-factor criteria from 18 U.S.C § 3621(b). Individuals with pending charges and/or detainers, are not eligible for consideration under SCA. If the AIC is not eligible to apply FTCs, then this date is calculated from the original projected release date. This date should only be used for pre-release placement planning if the FSA Conditional Placement Date is 'N/A'.

3. **Conditional Transition to Community Date:** This date reflects the earliest date an individual may transition to the community considering both the FSA Conditional Placement Date and the SCA Conditional Placement Date.

## Clarification on Projections and Use of Dates
Of significance, the FSA Conditional Placement Date, the SCA Conditional Placement Date, and the Conditional Transition to Community Date are projections used for planning purposes and are not considered final until the FTCs are applied and/or community placement is approved. These dates may change based on AIC behavior, programming participation, or changes in eligibility, and it is crucial for Unit Teams to clearly communicate this to both AICs and staff.

The inclusion of the SCA Conditional Placement Date is intended solely to assist in educating AICs on what may be possible with their release timeline, not what they will necessarily receive. This date allows for comprehensive planning but should be understood as a tool to manage expectations rather than a guaranteed outcome. Unit Teams must emphasize that these dates are subject to change based on the individual's compliance and participation in programming.

Of note, despite the use of these conditional dates for community placement planning purposes, these dates will not be utilized for classification and designation purposes. Instead, projected release dates (Full-Term, Good Conduct Time, and First Step Act Release, etc.) shall continue to be used for decisions such as determination of suitability for transfer, eligibility for furlough consideration, application of "Sentence Length" Public Safety Factors, etc.

Again, it is critical that AICs and staff understand this is a **PLANNING TOOL** which will be used to help prepare individuals for placement in the community, these dates are not guaranteed and are subject to change based on behavior, program participation, eligibility, appropriateness, and community resources.

Due to the potential high volume of individuals who will be in close proximity to these Conditional Transition to Community Dates following the initial roll-out of the calculations, Unit Team will be allotted additional time to request community placement during the first 90 days of implementation. This time frame will ensure the FBOP conveys a timely, accurate, and appropriate release plan to the United States Probation Office. Following this adjustment period, requests will then be submitted no later than 60 days from the expected release to the community as noted in current policy.

As a reminder, as part of pre-release planning, Unit Teams should generate rosters for FSA eligible individuals using the conditional placement dates above and the FSA Conditional Release Date (FSA COND REL DT). Unlike previous procedures which used projected release dates as the focal point to begin the pre-release placement process, rosters should be generated to identify individuals whose conditional placement dates are within 12 months for purposes of generating RRC/WRC or home confinement referrals. As the number of FTCs an individual can earn is directly related to the amount of time served, the planning process will often begin much sooner during the individual's term. This is an important distinction of the role these conditional placement dates have in the timing of pre-release planning. **Please remember that referrals should be submitted no later than 60 days before the Conditional Transition to Community Date.** Additionally, institutions must verify that the AIC remains eligible for the amount of time of the placement before furloughing the individual to the community. Due to limited community resources, it is critical that Unit Teams notify the respective Residential Reentry Management Office if an individual's earning status changes or becomes no longer eligible for placement.

It is essential for Unit Teams to make appropriate recommendations for pre-release placement, specifying the required level of services. As a reminder, FSA FTCs can be used towards RRC/WRC or home confinement in addition to credits that are applied towards supervised release. If an individual does not require services of an RRC/WRC and meets the eligibility criteria for home confinement, the Unit Team should recommend home confinement. It is important to note, the 'HOME DETN ELIG' date located on the PP44 is calculated based on the statutory term (6 month or 10%, whichever is less) and is specifically the home confinement eligibility date for those individuals under the SCA. Staff must conduct a five-factor review for each individual under the SCA. Using the default of 365 days without an individual review would violate statutory requirements.

## Coordination with Residential Reentry Management Offices (RRMOs)

RRMOs will use this information to assign placements given limited contract pre-release availability. Similar to current RDAP procedures, screening, transfer, and admission into RDAP will be determined according to each FSA eligible individual's FSA Conditional Placement Date or SCA Conditional Placement Date.

We appreciate your continued attention and cooperation with these important aspects of FSA implementation. If you have any questions about this matter, please contact Melissa Arnold, Administrator, Correctional Programs Branch or Bianca Shoulders, Acting Administrator, Residential Reentry Management Branch.

Attachment 3

FSA Time Credit Assessment

Register Number:44137-424, Last Name:RUCKER

| DEPARTMENT OF JUSTICE | FEDERAL BUREAU OF PRISONS |
|---|---|

| | |
|---|---|
| Register Number....: 44137-424 | Responsible Facility: MIL |
| Inmate Name | Assessment Date.....: 04-02-2025 |
|   Last............: RUCKER | Period Start/Stop...: 12-21-2018 to 04-02-2025 |
|   First...........: DAMON | Accrued Pgm Days....: 2269 |
|   Middle..........: | Disallowed Pgm Days.: 25 |
|   Suffix..........: | FTC Towards RRC/HC..: 730 |
| Gender............: MALE | FTC Towards Release.: 365 |
| Start Incarceration: 12-12-2012 | Apply FTC to Release: Yes |

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-21-2018 | 03-01-2019 | accrue | 70 |

  Accrued Pgm Days...: 70
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 20

----------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 03-01-2019 | 03-18-2019 | disallow | 17 |

  **Not in qualifying admit status.**

| Facility | Category | Assignment | Start | Stop |
|---|---|---|---|---|
| FTW | ARS | TRANSFER | 02-28-2019 08:29 | 02-28-2019 08:29 |
| B04 | ARS | A-ADMIT | 02-28-2019 09:29 | 02-28-2019 13:40 |
| OKL | ARS | A-BOP HLD | 02-28-2019 12:40 | 03-19-2019 04:54 |
| B04 | ARS | RELEASE | 02-28-2019 13:40 | 02-28-2019 13:40 |

----------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 03-18-2019 | 07-17-2019 | accrue | 121 |

  Accrued Pgm Days...: 121
  Carry Over Pgm Days: 10
  Time Credit Factor.: 10
  Time Credits.......: 40

----------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-17-2019 | 03-21-2023 | accrue | 1343 |

  Accrued Pgm Days...: 1343
  Carry Over Pgm Days: 11
  Time Credit Factor.: 15
  Time Credits.......: 675

----------------------------------------------------------------------------

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 03-21-2023 | 03-29-2023 | disallow | 8 |

**FSA Time Credit Assessment**

Register Number:44137-424, Last Name:RUCKER

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

Not in qualifying admit status.

| Facility | Category | Assignment | Start | Stop |
|---|---|---|---|---|
| BIG | ARS | TRANSFER | 03-20-2023 06:38 | 03-20-2023 06:38 |
| B08 | ARS | A-ADMIT | 03-20-2023 07:38 | 03-20-2023 14:55 |
| OKL | ARS | A-BOP HLD | 03-20-2023 13:55 | 03-30-2023 08:50 |
| B08 | ARS | RELEASE | 03-20-2023 14:55 | 03-20-2023 14:55 |

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 03-29-2023 | 04-02-2025 | accrue | 735 |

Accrued Pgm Days...: 735
Carry Over Pgm Days: 4
Time Credit Factor.: 15
Time Credits.......: 360

--- FSA Assessment(s) ---

| # | Start | Stop | Assignment | Asn Start | Factor |
|---|---|---|---|---|---|
| 001 | 12-21-2018 | 01-18-2019 | R-LW | 04-28-2021 14:45 | 10 |
| 002 | 01-18-2019 | 07-17-2019 | R-LW | 04-28-2021 14:45 | 10 |
| 003 | 07-17-2019 | 01-13-2020 | R-LW | 04-28-2021 14:45 | 15 |
| 004 | 01-13-2020 | 07-11-2020 | R-LW | 04-28-2021 14:45 | 15 |
| 005 | 07-11-2020 | 01-07-2021 | R-LW | 04-28-2021 14:45 | 15 |
| 006 | 01-07-2021 | 07-06-2021 | R-LW | 04-28-2021 14:45 | 15 |
| 007 | 07-06-2021 | 01-02-2022 | R-LW | 04-28-2021 14:45 | 15 |
| 008 | 01-02-2022 | 07-01-2022 | R-LW | 04-28-2021 14:45 | 15 |
| 009 | 07-01-2022 | 12-28-2022 | R-LW | 02-17-2022 08:16 | 15 |
| 010 | 12-28-2022 | 06-26-2023 | R-LW | 08-17-2022 10:32 | 15 |
| 011 | 06-26-2023 | 12-23-2023 | R-LW | 02-10-2023 11:17 | 15 |
| 012 | 12-23-2023 | 06-20-2024 | R-LW | 09-11-2023 10:23 | 15 |
| 013 | 06-20-2024 | 12-17-2024 | R-LW | 04-02-2024 06:15 | 15 |
| 014 | 12-17-2024 | 06-15-2025 | R-LW | 09-17-2024 06:22 | 15 |

Case 2:25-cv-10255-TGB-KGA ECF No. 8-1 PageID.128 Filed 05/09/25 Page 37 of 37
Case 2:25-cv-10255-TGB-KGA FSA Time Credit Assessment Filed 06/09/25 Page 30 of 31
Register Number:44137-424, Last Name:RUCKER

U.S. DEPARTMENT OF JUSTICE                                      FEDERAL BUREAU OF PRISONS
=============================================================================================

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only -----------------
All conditional days and conditional dates below are the individual's best case scenario
given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of
04-02-2025. These dates can change if there are changes to one or more of the following: the
individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.

SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
OF 0 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE
FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
(a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
(5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.
---
Projected Release Date: 07-30-2034
Projected Release Method: GCT REL
FSA Projected Release Date: 07-30-2033
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 07-30-2033
SCA Conditional Placement Days: 365
SCA Conditional Placement Date: 07-30-2032
FSA Conditional Placement Days: 1495
FSA Conditional Placement Date: 06-26-2029
Conditional Transition To Community Date: 06-26-2028

