

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DAMON RUCKER,
        Petitioner,

v.                                                                    Case No. 2:25-cv-10255

ERIC RARDIN, WARDEN,
        Respondent.
_____/

## REPLY TO GOVERNMENT'S RESPONSE
## TO PETITION FOR WRIT OF HABEAS CORPUS

NOW COMES, Damon Rucker, Petitioner, pro se, respectfully before this honorable to make the following statement.

## ARGUMENT

Petitioner stands on all previously made arguments. However, for purposes of response to the government's stand in opposition, Petitioner relies on the recent Memorandum (See Attachment, June 17, 2025 Memorandum) published by BOP Director, William K. Marshall.

1

The memo clarifies what the Petitioner has been asserting all along. It in itself, gives clear direction and resolves the issues at hand. It is a bit ironic, but the Director lays out a resolution on FSA credits and how they should be applied by the BOP.

Therefore, Petitioner sees no purpose in wasting this Court's time with a lengthy reply. Quite simply, the memorandum comes from the highest level of authority of the BOP and makes clear directives. The Director's expectations to get these credit issues resolved without "Bureaucratic Inertia" are without question and speak for them self.

Therefore, Petitioner requests that this honorable Court direct Warden Rardin to see to it that the Director of Prisons expectations are carried out and that all of Petitioner's earned time credits are appropriately and expeditiously applied.

## CERTIFICATE OF SERVICE

I, Damon Rucker, being of sound mind, do hereby CERTIFY under penalty of perjury and pursuant to Title 18 U.S.C. § 1746 that all statements made and documents presented herein are true and authentic to the best of my knowledge. A copy of this response brief has been placed in the prison mail system at FCI Milan, Milan Michigan addressed to the United States District Court, Eastern District of Michigan.

Respectfully submitted on this 23rd day of June 2025.

/S/ _____
DAMON RUCKER #44137-424



U.S. Department of Justice
Federal Bureau of Prisons

---

FOR IMMEDIATE RELEASE
June 17, 2025

Contact: Office of Public Affairs
202-514-6551

**Bureau of Prisons Issues Directive to Fully Implement First Step Act
and Second Chance Act**

**WASHINGTON, DC** - In order to restore integrity and fiscal responsibility to the federal prison system, the Bureau of Prisons (BOP) today issued a policy memorandum to staff directing the robust and comprehensive implementation of both the *First Step Act of 2018* and the *Second Chance Act of 2008*—two bipartisan cornerstones of modern criminal justice reform.

"This is the dawn of a new era, one in which the Bureau of Prisons will realize the full potential of the First Step Act and Second Chance Act," said BOP Director William K. Marshall III. "The comprehensive policy outlined today will eliminate barriers to maximize the availability of home confinement to those who qualify for community release under the First Step Act and Second Chance Act. This change in policy will fully operationalize the laws as intended by Congress and ensure a smoother transition for many individuals to return to productive lives after incarceration."

The new policy announced today will have immediate and meaningful benefits. It will:

- **Avoid wasting millions of taxpayer dollars** on unnecessary incarceration,
- **Reduce strain on prison bedspace and staffing**, and
- **Eliminate prolonged and unnecessary burdens on inmates and their families**—particularly those with stable home environments and strong community ties.

The new directive ensures that:

- **FSA Earned Time Credits and SCA eligibility will be treated as cumulative and stackable**, allowing qualified individuals to serve meaningful portions of their sentences in home confinement when appropriate.
- **Conditional Placement Dates**—based on projected credit accrual and statutory timelines—will drive timely referrals, not bureaucratic inertia.
- **Stable housing and community reintegration readiness**, not past employment, will guide placement decisions.
- **RRC bed capacity limitations will not be a barrier to Home Confinement** when an individual is statutorily eligible and appropriate for such placement.

Director Marshall continued: "This action marks a bold shift from years of inaction toward a policy rooted in **public safety, fiscal responsibility, and second chances**. By empowering the agency to release more people who are ready to return to society, we not only save taxpayer dollars, we strengthen families, ease overcrowding, and build safer communities."

###



Damon L Rucker 44137-424
Federal Correctional Institution
P O Box 1000
Milan, MI 48160

RECEIVED
JUL 1 - 2025
CLERK'S OFFICE
DETROIT

United States District Court
for the Eastern District of Michigan
Office of the Clerk
Theodore Levin United States Courthouse
231 West Lafayette Blvd - Room 564
Detroit, MI 48226